**Norman E. WYMBS, Plaintiff,**

v.

**REPUBLICAN STATE EXECUTIVE COMMITTEE OF FLORIDA, etc., et al., Defendants.**

**No. 74–733–Civ–CF.**

United States District Court, S. D. Florida.

July 15, 1974.

Joseph P. Metzger of Walton, Lantaff, Schroeder, Carson & Wahl, West Palm Beach, Fla., for plaintiff.

Charles H. Damsel, Jr. of Jones, Paine & Foster, P. A., West Palm Beach, Fla., David H. Bludworth (State's Atty.), William R. Rutter, Jr. (County Atty.) and Thomas A. Harris, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendants.

### ORDER

FULTON, Chief Judge.

This cause came on to be heard on June 27, 1974 upon the motion to dismiss filed on June 26, 1974 by the defendants, Republican Executive Committee of Florida and The Palm Beach County Republican Committee

and upon plaintiff's motion for temporary restraining order.

By stipulation before the Court, all other defendants herein join in the pending motion to dismiss.

Plaintiff's complaint attacks House Bill No. 3242, Laws 1974, c. 74–199, a recently enacted election law of the State of Florida. As shown by the motion to dismiss and stipulated by all counsel, there is a previously pending action in Fifteenth Judicial Circuit in and for Palm Beach County, State of Florida. This state court action is identical to the action before this Court as to the statute attacked, the issues presented and the parties.

During argument before the Court, plaintiff's counsel stipulated with the Court that the words " . . . provide for election districts as nearly equal in the number of registered voters as possible," appearing on page 3, line 12 and 13, in Section 2(a) of House Bill 3242, were the crux of plaintiff's complaint. In this regard, plaintiff stated that such words were ambiguous and that the precise intent of the Florida legislature was unclear. Plaintiff further stipulated that this statutory law has not been interpreted, ruled upon or settled by the Florida Courts.

■■ The motion to dismiss is based upon the abstention doctrine as enuciated by the United States Supreme Court in Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971, 1941. In *Pullman,* the Court held that a federal court should abstain from deciding a federal action involving a federal constitutional issue where an interpretation of an unsettled question of state law by a state court may avoid or modify the Federal Constitutional question.

This Court has great confidence in the judges of our state court. They are obviously better qualified to decide unsettled questions of State law. Thereupon, it is

Ordered and adjudged that this cause be and the same is hereby dismissed at the plaintiff's cost, without prejudice as to any action which might be brought after the state law issues have been resolved in the Courts of the State of Florida. Plaintiff's motion for temporary restraining order is denied.